UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  05-21074-CIV-MARTINEZ-BANDSTRA

VALERIE KINNON,

    Plaintiff,

vs.

JUDITH S. GOPMAN,
individually,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR BOND ON APPEAL

THIS CAUSE came before the Court upon Defendant's Motion for Bond on Appeal, Pursuant to Fed. R. App. P., Rule 7 **(D.E. No. 92)**, filed on **July 28, 2006**.  The Court has carefully considered the motion and is otherwise duly advised.  Defendant requests that this Court require Plaintiff to post a Cost Bond.  Federal Rule of Appellate Procedure 7 states: "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  The Eleventh Circuit has explained that "a plaintiff who is unsuccessful in a civil rights suit at trial should not be freed from the burden of an appellate bond that includes anticipated attorney's fees where the appeal is likely to be frivolous, unreasonable, or without foundation."  *Young v. New Process Steel, LP*, 419 F.3d 1201, 1207-08 (11th Cir. 2005).  The Eleventh Circuit further explained that if the district court does make that determination, "it has discretion to grant the defendant's motion and require the plaintiff to post a bond in the amount of the defendant's anticipated costs including appellate attorney's fees." *Id*. at 1208.

After careful deliberation, this Court declines to exercise its discretion to require Plaintiff to post a bond. On the one hand, this Court finds that Plaintiff's case has very little legal merit. *See* Order Granting Defendant's Motion for Summary Judgment (D.E. No. 84). However, this Court is cognizant of the fact that there has been little case law interpreting the Supreme Court's decision in *Domino's Pizza, Inc. v. McDonald*, 126 S. Ct. 1246, 1249 (2006). Plaintiff implores: "While this Court obviously does not agree with Plaintiff's interpretation of the record and the application of § 1981 law to this record, the Court's disagreement does not make Plaintiff's appeal 'frivolous, unreasonable, or without foundation,' and this Court should not require Plaintiff to post a bond in order to even obtain access to appellate review." (D.E. No. 95 at 9). Reluctantly, this Court agrees that Plaintiff should not be required to post a bond.

Therefore, it is hereby:

**ORDERED AND ADJUDGED** that

Defendant's Motion for Bond on Appeal, Pursuant to Fed. R. App. P., Rule 7 **(D.E. No. 92)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of October, 2006.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record